WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sunny Anthony,<br><br>    Plaintiff,<br><br>v.<br><br>Trax International Corporation,<br><br>    Defendant. | No. CV-16-02602-PHX-ESW<br><br>**ORDER** |

    Pending before the Court is Defendant's fully briefed Motion to Amend Scheduling Order and Motion for Leave to Amend Answer and Memorandum of Points and Authorities in Support (Docs. 48, 49, 54, 56). Defendant seeks leave to amend the Joint Rule 16 Case Management Order to extend the time to amend pleadings previously set for January 8, 2017 (Doc. 13 at 2) to allow Defendant leave to amend its Answer (Doc. 7) to add the affirmative defense of failure to mitigate. Plaintiff asserts that (i) Defendant has failed to show good cause to justify the untimely amendment, (ii) Plaintiff would be prejudiced by the amendment, and (iii) amendment would be futile in this case.

    As previously noted, the deadline for amendment of pleadings was January 8, 2017. Fact discovery closed on August 15, 2017 (Doc. 33). It is undisputed that Defendant deposed Plaintiff on April 19, 2017. Cross motions for summary judgment are currently fully briefed and pending before the Court (Docs. 44, 46). The Complaint filed August 2, 2016 was preceded by an EEOC investigation in which all parties participated

(Doc. 1 at 2). Defendant knew or should have known of the existence of the failure to mitigate affirmative defense issue well before the filing of this Motion. Defendant did not file this Motion until after Plaintiff asserted in her Motion for Summary Judgment that Defendant waived the affirmative defense of failure to mitigate by failing to plead it in the Answer (Doc. 46 at 14-15).

Under Fed. R. Civ. P. 16(b), a district court has the authority to establish a schedule that sets pretrial deadlines, including a deadline for motions to amend pleadings. A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotations marks omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.*

Once a district court has filed a Rule 16 scheduling order setting a deadline for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b) and only secondarily by Rule 15(a). *Johnson*, 975 F.2d at 607-09 ("A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

The standards of review under Rules 15 and 16 are markedly different. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d. at 609. Although prejudice to the opposing party can

be an additional reason to deny a motion to amend under Rule 16, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* If the movant "was not diligent, the inquiry should end." *Id.*

The Court finds that Defendant has failed to show the diligence and good cause necessary for the Court to deviate from its Joint Rule 16 Case Management Order. Because Defendant has not acted diligently, the inquiry ends.

Accordingly,

**IT IS ORDERED** denying Defendant's Motion to Amend Scheduling Order and Motion for Leave to Amend Answer and Memorandum of Points and Authorities in Support (Doc. 48).

Dated this 5th day of March, 2018.

Honorable Eileen S. Willett
United States Magistrate Judge