WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sunny Anthony, | No. CV-16-02602-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Trax International Corporation, | |
| Defendant. | |

On August 2, 2016, Sunny Anthony ("Plaintiff") filed this action against her former employer, TRAX International Corporation ("TRAX" or "Defendant"). (Doc. 1). In her two-count Complaint, Plaintiff alleges discrimination and retaliation under the American with Disabilities Act ("ADA").

Pending before the Court are the parties' Motions for Summary Judgment (Docs. 44, 46). Both parties have moved for summary judgment on the discrimination claim in Count One. Defendant also moves for summary judgment on the retaliation claim in Count Two. After reviewing the parties' briefing, the Court will grant Defendant's Motion (Doc. 44) and will deny Plaintiff's Motion (Doc. 46).[1]

---

[1] The parties have consented to proceeding before a Magistrate Judge pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). (Doc. 10).

# I. SUMMARY OF UNDISPUTED FACTS

In April 2010, Defendant hired Plaintiff for a Technical Writer I position. (Doc. 51 at 1, ¶ 1). The job description for the Technical Writer I position stated that the applicant must possess a bachelor's degree in English, journalism, or a related field. (*Id.* at 3, ¶ 8). Contrary to Plaintiff's averment on her employment application, Plaintiff does not have a bachelor's degree. (*Id.* at 2-3, ¶¶ 2, 5-6).

In January 2012, Plaintiff submitted a written complaint to her supervisor concerning the alleged hostile and aggressive behavior of a co-worker. (*Id.* at 7, ¶¶ 21-22). Plaintiff alleged that the co-worker's behavior adversely affected her mental and physical health. (*Id.*, ¶ 22). The co-worker was terminated shortly after Plaintiff submitted her complaint. (*Id.*, ¶ 23).

In April 2012, Plaintiff applied for leave under the Family and Medical Leave Act ("FMLA") due to Plaintiff's own health conditions. (*Id.*, ¶ 24). Plaintiff's physician indicated that Plaintiff suffered from a number of conditions, such as fatigue, excessive weight gain, panic attacks, anxiety, and adrenal fatigue, which would likely continue until May 30, 2012. (*Id.* at 8, ¶ 25, 28). Defendant approved the leave with an effective date of April 4, 2012. (*Id.* at 7, ¶ 24). On June 1, 2012, Plaintiff requested to work from home. (*Id.* at 9, ¶ 30). The request was denied on June 4, 2012. (*Id.*).

In a June 25, 2012 letter, TRAX's Benefits Coordinator notified Plaintiff that her FMLA leave would be exhausted as of June 27, 2012. (*Id.*, ¶ 32). The letter also instructed Plaintiff to respond no later than June 28, 2012 to discuss "options going forward" and stated that failure to respond by the deadline "will result in termination of your employment." (*Id.* at 10, ¶ 33). On July 24, 2012, the Benefits Coordinator emailed Plaintiff explaining that, consistent with TRAX's precedent, Plaintiff will be given an additional thirty days of leave time before TRAX takes action with respect to the expiration of Plaintiff's FMLA leave. (*Id.*, ¶ 35). The email explained that unless Plaintiff provides a full work release by July 26, 2012, Plaintiff will be terminated from her employment. (*Id.*). Plaintiff did not submit a full work release, and Defendant

terminated Plaintiff's employment effective July 30, 2012. (*Id.*, ¶ 36).

On September 17, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 11, ¶ 40). On March 2, 2016, the EEOC issued a cause determination in Plaintiff's favor. (Doc. 47 at 8, ¶ 36; Doc. 53 at 7, ¶ 36).

## II. SUMMARY JUDGMENT

Summary judgment is appropriate if the evidence, when reviewed in a light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines which facts are material in a case and "only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Anderson,* 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970)); *Harris v. Itzhaki,* 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of intent, should be left to the jury.") (citations omitted).

When moving for summary judgment, the burden of proof initially rests with the moving party to present the basis for his motion and to identify those portions of the

record and affidavits that he believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the movant fails to carry his initial burden of production, the non-movant need not produce anything further. The motion for summary judgment would then fail. However, if the movant meets his initial burden of production, then the burden shifts to the non-moving party to show that a genuine issue of material fact exists and that the movant is not entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 248, 250; *Triton Energy Corp. v. Square D. Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in his favor. *First Nat'l Bank of Ariz. v. Cities Serv.Co.,* 391 U.S. 253, 288-89 (1968). However, he must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal citation and emphasis omitted); *see* Fed. R. Civ. P. 56(c)(1).

Finally, conclusory allegations unsupported by factual material are insufficient to defeat a motion for summary judgment. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Soremekun v. Thrifty Payless, Inc.*, 502 F.3d 978, 984 (9th Cir. 2007) ("[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment"). Nor can such allegations be the basis for a motion for summary judgment.

### III. DISCUSSION

#### A. Count One: ADA Discrimination Claim

##### 1. Legal Standards

The ADA prohibits an employer from discriminating against "a qualified individual" because of a disability in regard to job application procedures, hiring, discharge, compensation, training, and "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A plaintiff bringing an ADA discrimination claim must first establish a prima facie case of discrimination by showing that: (i) he or she is "disabled" within the meaning of the ADA, (ii) he or she is a "qualified individual"

within the meaning of the ADA, and (iii) he or she suffered an adverse employment action because of his or her disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).

If the plaintiff succeeds in establishing a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 52-54 (2003). The burden then shifts back to the plaintiff to show that the defendant's proffered reason was a pretext for discrimination. *See Pottenger v. Potlatch Corp.*, 329 F.3d 740, 746 (9th Cir. 2003)

**2. Analysis**

In moving for summary judgment on Count One, Defendant argues that Plaintiff cannot establish a prima facie case of discrimination as Plaintiff is not a "qualified individual" within the meaning of the ADA. (Doc. 44 at 4-9). Under the ADA, "[t]he term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

The Ninth Circuit has instructed courts to follow a two-step inquiry in determining whether a plaintiff is a "qualified individual" within the meaning of the ADA. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 990 (9th Cir. 2007) (en banc) ("Qualification for a position is a two-step inquiry."). In the first step, the Court "examines whether the individual satisfies the 'requisite skill, experience, education and other job-related requirements' of the position." *Id.* In the second step of the qualification inquiry, the Court "considers whether the individual 'can perform the essential functions of such position' with or without a reasonable accommodation." *Id.* (quoting 29 C.F.R. § 1630.2(m)).

Here, the parties agree that the employment application for the Technical Writer I position stated that it is a mandatory requirement that the applicant possess a bachelor's degree. (Doc. 51 at 3, ¶ 8). Defendant has submitted uncontroverted evidence that in accordance with its contract with the government, it cannot bill for the work a Technical

Writer I performs if the employee does not possess a bachelor's degree. (Doc. 45-1 at 61, ¶¶ 5-7).

Plaintiff admits that she indicated on her application that she has a bachelor's degree even though she lacks one. (Doc. 51 at 2-3, ¶¶ 2, 5-6). Plaintiff, however, asserts that she "was specifically instructed that her four years of coursework at Pennsylvania College of Technology would satisfy the degree requirement because it would constitute an equivalent degree." (*Id.* at 5, ¶ 13). To support this assertion, Plaintiff names two TRAX employees who lack the authority to waive the requirement that a person applying for the Technical Writer I position must possess a bachelor's degree.

Plaintiff testified at her deposition that a female TRAX employee with the last name "Reyes" knew that Plaintiff did not have a bachelor's degree, but excused it. (Doc. 51 at 5, ¶ 14). It is undisputed that two female employees with the last name of Reyes were in "relatively low-level administrative positions" and did not have "the authority to waive a mandatory requirement for a technical writing position." (*Id.* at 6-7, ¶ 20).

Plaintiff also testified that a friend named "Doug Thompson" was "head of all of TRAX here" at the time Plaintiff was hired. (Doc. 51 at 6, ¶ 15). Plaintiff testified that Mr. Thompson hired her despite knowing that she did not have a college degree. (*Id.*). It is undisputed that there was no "Doug Thompson" in management at TRAX. (*Id.* at 6, ¶ 16). Although there was a man named "Doug Goodman" who managed the department for which Plaintiff was hired, there is no record that Mr. Goodman ever waived any mandatory requirement for any position at TRAX. (*Id.* at ¶¶ 17, 19). Further, Plaintiff agrees that "only the Program Manager could have waived the degree requirement for a technical writer" and that Mr. Goodman did not have such authority. (*Id.*, ¶ 18).

It is undisputed that at the time of Plaintiffs hire, John Fargason was the Program Manager at the TRAX location for which Plaintiff was hired. (*Id.*, ¶ 16; Doc. 45-1 at 43). Mr. Fargason is the individual who signed Plaintiff's offer of employment. (Doc. 45-1 at 43). Defendant has produced uncontroverted evidence showing that TRAX has never waived the mandatory requirement that a Technical Writer I have a bachelor's degree.

(*Id.* at 62).

The Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). It also has advised that a "district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." *Nigro v. Sears, Roebuck and Co.,* 784 F.3d 495, 497 (9th Cir. 2015); *see also F.T.C. v. Neovi, Inc.,* 604 F.3d 1150, 1159 (9th Cir. 2010) ("Specific testimony by a single declarant can create a triable issue of fact, but the district court was correct that it need not find a genuine issue of fact if, in its determination, the particular declaration was 'uncorroborated and self-serving.'") (quoting *Villiarimo,* 281 F.3d at 1061). The Court finds Plaintiff's declaration that "she was specifically instructed" that her educational background satisfied the bachelor's degree requirement to be uncorroborated and self-serving.

The Court finds that there is no genuine issue of fact that the Technical Writer I position requires the incumbent to possess a bachelor's degree. The Court further finds that there is no genuine issue of fact that Plaintiff is not a "qualified individual" for the Technical Writer I position because she lacks the requisite bachelor's degree.[2] *See*

---

[2] Plaintiff contends that the evidence that Plaintiff lacks the requisite bachelor's degree is after-acquired evidence that does not warrant the granting of summary judgment. (Doc. 50 at 4). However, "Plaintiff bears the burden of proving qualifications, without reference to knowledge by the defendant, and defendant may use any otherwise admissible evidence to undercut this proof." *EEOC v. Fargo Assembly Co.*, 142 F.Supp.2d 1160, 1165 (D.N.D. 2000); *see also Herron v. Peri & Sons Farms, Inc.*, 676 F. App'x 639, 640 (9th Cir. 2017) (affirming summary judgment in favor of employer where plaintiff raised no genuine issue of fact that he was a "qualified individual" within meaning of ADA; the record showed that the position for which the plaintiff was hired required a certificate of completion or equivalent from a certified trade school and it was undisputed that the plaintiff lacked the requisite certificate). Defendant is not using after-acquired evidence to show a legitimate reason for its actions after the burden of proof has shifted.
Like the EEOC in a case before the Third Circuit Court of Appeals, Plaintiff is "mix[ing] apples—a plaintiff's *prima facie case*—with oranges—a defendant's non-discriminatory reason." *McNemar v. Disney Store, Inc.*, 91 F.3d 610, 621 (3d Cir. 1996), *abrogation on other grounds as recognized in Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 780 n.4 (3d Cir. 2001). Plaintiff "seeks to analogize this case to the teachings of *McKennon v. Nashville Banner Pub. Co.,*513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995), which address the doctrine of 'after-acquired evidence' and establish it as an affirmative defense that becomes meaningful once the plaintiff has established a *prima facie* case of discrimination." *Id.* After the plaintiff has established a

*Johnson v. Bd. of Trs. of Boundary Cty. Sch. Dist. No. 101*, 666 F.3d 561, 567 (9th Cir. 2011) ("[A]n individual who fails to satisfy the job prerequisites cannot be considered 'qualified' within the meaning of the ADA unless [he] shows that the prerequisite is itself discriminatory in effect.").[3] Because Plaintiff fails to demonstrate a prima facie case of discrimination under the ADA, the Court will grant Defendant's Motion for Summary Judgment (Doc. 44) as to Count One.[4]

### B. Count Two: ADA Retaliation Claim

To establish a prima facie case for a retaliation claim under the ADA, a plaintiff must demonstrate that he or she (i) engaged in a protected activity; (ii) suffered an adverse employment action; (iii) and establish a causal link between the protected activity and the adverse employment action. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034-35 (2006). If a prima facie case is established, then the defendant has the burden to "present legitimate reasons for the adverse employment action." *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

Defendant concedes for summary judgment purposes that Plaintiff engaged in protected activity when she complained about her co-worker's behavior and requested that Defendant allow her to work shorter hours or from home to accommodate her medical conditions. (Doc. 44 at 11). Defendant also concedes for summary judgment purposes that Plaintiff's July 30, 2012 termination constitutes an adverse employment

---

prima facie case, "the employer is required to articulate its non-discriminatory reason and then may assert its additional defenses, such as after-acquired evidence, which may limit damages." *Id.* (citations omitted).

[3] Plaintiff does not allege that the requirement that a Technical Writer I possess a bachelor's degree is discriminatory in effect.

[4] Plaintiff alleges a per se violation of the ADA. (Doc. 46 at 11). Plaintiff does not have standing to raise this claim as she has not shown that she satisfies the "qualified individual" element of her prima facie discrimination case. *See McGregor v. Nat'l R.R. Passenger Corp.*, 187 F.3d 1113, 1116 (9th Cir. 1999) (explaining that, under the per se theory, "[a] '100% healed' . . . policy discriminates against *qualified individuals with disabilities*" because of the "individual assessment" it denies those "qualified individual[s]" (emphasis added)); *Hutchinson v. UPS*, 883 F.Supp. 379, 397-98 (N.D. Iowa 1995) (finding that a "100% healed" policy is per se discriminatory, but that plaintiff could not assert this per se claim because she was not a "a person who can assert a claim under 42 U.S.C. § 12112(a)" and thus lacked standing to sue under the ADA).

action. (*Id.* at 12). To establish her prima facie retaliation case, Plaintiff must show that her protected activity was a "but for" cause of her termination. *See University of Texas Southwestern Med. Ctr. v. Nassar*, 133 S.Ct. 2517 (2013) (stating that the causal link standard is a "but for" causation standard); *T.B. ex rel. Brenneise v. San Diego Unified School Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (explaining that *Nassar* "held that the standard for the 'causal link' is but-for causation, a more stringent test. Other circuit and district courts have applied *Nassar* to ADA retaliation claims, and we do as well"); *Ormsby v. Sunbelt Rentals, Inc.*, 205 F.Supp.3d 1204, 1212 (D. Or. 2016) (explaining under *Nassar* and Ninth Circuit precedent, the "but-for is the correct causation test for ADA retaliation claims").

In opposing Defendant's Motion for Summary Judgment on Count Two, Plaintiff states as follows:

> TRAX admits that [Plaintiff] was terminated because she "wasn't able to return to work from medical leave after she exhausted FMLA." (PSOF, Dkt. 47 at ¶ 32). . . . Plaintiff was terminated due to her need for continued medical leave. (PSOF, Dkt. 47 at ¶ 32). This is direct evidence that Plaintiff's need for medical leave (an accommodation protected by the ADA) was the deciding factor in the decision to discharge her. As such, and based on Defendant's own admissions, Plaintiff has met her threshold burden of proof on summary judgment.

(Doc. 50 at 7-8). In its Reply, Defendant asserts that "[t]his argument fails because direct evidence of a 'discriminatory motive' is not the same as direct (or circumstantial) evidence of a 'retaliatory motive.' The claim at issue is for retaliation, not discrimination." (Doc. 57 at 10). Defendant asserts that "Plaintiff's argument fails because she is trying to create a retaliation claim with evidence that supports only a discrimination claim." (*Id.*). The Court concurs. As another district court has explained, a plaintiff "cannot use the mere failure to accommodate as an act or omission supporting a retaliation claim, otherwise, every alleged failure to accommodate would be deemed a retaliatory act." *Aki v. Univ. of Cal. Lawrence Berkely Nat'l Lab.*, 74 F.Supp.3d 1163, 1183 (N.D. Cal. 2014) (citation, internal quotation marks, and alteration omitted).

- 9 -

The Court finds that Plaintiff's retaliation claim in Count Two is improperly predicated on her discrimination claim in Count One. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001) ("Lucas also contends that Grainger took adverse action against him by failing to reasonably accommodate him, by refusing to maintain him on light duty work, and by failing to engage him in an interactive process. But this contention merely reclothes Lucas' ADA discrimination claim, which we have already rejected, and it fares no better in this garb."); *Barnard v. Lackawanna Cnty.*, No. 17-66, 2017 WL4233030, at *7 (M.D. Pa. Sept. 25, 2017) ("Because a retaliation claim is not properly predicated on a theory of failure to accommodate, Plaintiff's claim alleging just that will be dismissed."); *Garner v. Sch. Dist. of Phila.*, 63 F. Supp. 3d 483, 500 (E.D. Pa. 2014) (dismissing a retaliation claim where Plaintiff's claim was "nothing more than a repackaged statement of his underlying claims that [his employer] failed to reasonably accommodate his disability"). Taking the evidence in a light most favorable to Plaintiff, the Court finds that Plaintiff has failed to raise a genuine issue of material fact as to whether Plaintiff's engagement in a protected activity was the "but-for" cause of her termination.[5] The Court will grant Defendant's Motion for Summary Judgment (Doc. 44).

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 44).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Summary Judgment (Doc. 46).

---

[5] The Court also finds that Plaintiff has failed to satisfy the more lenient "motivating factor" test for causation, which courts applied to ADA retaliation claims prior to *Nassar*. *See Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005) (ADA retaliation claim requires a plaintiff to show that engaging in the protected activity must have been a "motivating factor" in the adverse employment action.), *abrogation recognized by Phillips v. Victor Cmty. Support Servs., Inc.*, 692 F. App'x 920, 921 (9th Cir. 2017).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment according to this Order and terminate this action.

Dated this 16th day of April, 2018.

_____
Eileen S. Willett
United States Magistrate Judge